## EDWARD DWYER *vs.* WILLIAM A. GAYLORD.

In an unanswered case, the only matter open is the assessment of damages. Unless the declaration is fatally defective, the plaintiff will recover something, and in no case can judgment be entered for the defendant.

B. agreed to work for C., the amount of B.'s wages to be paid to A., who was to credit the amount against B.'s indebtedness to A.

*Held,* not a contract by novation, but that B. was the agent of A., who virtually sold B.'s services to C.

EXCEPTIONS to the Court of Common Pleas.

*February* 22, 1879. DURFEE, C. J. This action was commenced in a Justice Court, was appealed to the Court of Common Pleas, and is brought here by bill of exceptions. No plea was ever filed in it ; but in the Court of Common Pleas the defendant was permitted, under exception taken by the plaintiff, to contest it on its merits, and, on trial to the jury, the testimony offered by the plaintiff in support of his case having been ruled out, the plaintiff was thereupon, on motion of the defendant, adjudged nonsuit and judgment was entered for the defendant for his costs   This was error. In an unanswered case the only matter open for contestation is the assessment of damages. The plaintiff, unless his declaration is fatally defective, is entitled to judgment for at least nominal damages.   And judgment cannot in any event be rendered for defendant. *Dunn* v. *Littlefield,* 2 R. I. 97 ; *Bates* v. *Slocum,* 3 R. I. 129. If the defendant has lost his right to plead, and wishes to try the case on its merits, he must petition for a trial, with leave to plead, in the proper tribunal.

The second exception is for the exclusion of testimony offered by the plaintiff in proof of the contract declared on in the third

·count of his declaration. The third count alleges in substance that the plaintiff, together with one Cocker, entered into an agreement with the defendant by which Cocker was to do certain work for the defendant, and the defendant, in consideration thereof, agreed to pay to the plaintiff whatever money Cocker might earn by his work, the same to be credited by the plaintiff on an indebtedness of $119.00 then owing from Cocker to him. The count alleges the performance by Cocker of work under the contract to the amount of $69.00, which the plaintiff demanded of the defendant, being ready to credit it on the indebtedness, but which the defendant utterly refused to pay him.

The court ruled that the testimony offered by the plaintiff in support of the count was inadmissible, because it did not tend to show that the three persons mentioned in the count, to wit, the plaintiff, the defendant, and Cocker, were all present and simultaneously entered into the contract each with the other, and because Cocker could not act both for himself and the plaintiff, in making the contract, though the plaintiff offered to prove that he had been thereto duly authorized.

It seems to have been supposed that the contract which the plaintiff was seeking to establish was a contract by novation. This it clearly was not. It was a contract between the plaintiff and the defendant for the services of Cocker, Cocker having consented to render them to the defendant for the plaintiff in consideration that the plaintiff should apply what he was paid for them to reduce his, Cocker's, indebtedness. It was an arrangement under which Cocker became *pro hac vice* the servant of the plaintiff, and the plaintiff sold his services to the defendant. This, owing we suppose to an impression on the part of the pleader that the contract was a contract of novation, is not set forth with technical precision in the third count, but it is what we understand to be substantially alleged. The contract is better stated according to its legal effect in the fourth count. In this view we can see no reason why Cocker, if duly authorized, could not act as agent of the plaintiff, for he had no adverse interest, but, on the contrary, his and the plaintiff's interest coincided.

We think the exceptions should both of them be sustained and a new trial granted. *Exceptions sustained.*

*Thomas P. Barnefield*, for plaintiff.

*Beach & Osfield*, for defendant.